IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, )<br>          Plaintiff, )<br>          )<br>vs. )<br>          )<br>ALLEGHENY COUNTY BAR ASSOCIATION, )<br>et al., )<br>          Defendants. ) | Civil Action No. 12-641<br>Judge Lancaster<br>Magistrate Judge Mitchell |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

I.    Recommendation

It is respectfully recommended that the Amended Complaint be dismissed for lack of subject matter jurisdiction.

II.    Report

Plaintiff, Jean Coulter, brought this action against a former attorney (James E. Mahood), the attorney's law firm (Wilder & Mahood), the Allegheny County Bar Association (ACBA), three individual members of the ACBA Special Fee Determination Committee (the chair, Melaine S. Rothey, and members Charles J. Avalli and Louis C. Long), and the Pennsylvania Bar Association. The Complaint purported to allege a due process civil rights claim pursuant to 42 U.S.C. § 1983 against these defendants arising out of a fee dispute that arose between Mahood and Plaintiff and the manner in which this dispute was handled by the ACBA and its Special Fee Determination Committee.

On May 16, 2012, a Report and Recommendation (ECF No. 2) was filed, recommending that the complaint be dismissed for lack of subject matter jurisdiction on the grounds that: 1) Plaintiff did not name a state actor; and 2) to the extent she was asking this Court to overrule a

decision by the Special Fee Determination Committee or the Allegheny Court of Common Pleas (which she alleges "affirmed" this decision), the case was barred by the Rooker-Feldman doctrine. In response, Plaintiff filed both objections (ECF No. 3) and an Amended Complaint (ECF No. 4). In the Amended Complaint, she names two additional defendants, Thomas Doerr (a judge of the Court of Common Pleas of Butler County, Pennsylvania) and Robert Colville (a judge of the Court of Common Pleas of Allegheny County, Pennsylvania). Judge Doerr's only action is alleged to be having allowed Mahood to withdraw from representing Plaintiff. (Am. Compl. ¶¶ 9, 15-16.) Judge Colville is alleged to have denied Plaintiff the right to appeal nunc pro tunc from the decision of the Special Fee Determination Committee and having affirmed the decision when it was appealed to him. (Am. Compl. ¶¶ 10, 29.)

The Court need not determine whether Judge Doerr and Judge Colville are state actors[1] because, in any event, the Amended Complaint still challenges a decision of a state court and is barred by the Rooker-Feldman doctrine. In addition, as Plaintiff herself recognizes, these two state court judges "may be immune from suit." (ECF No. 3 at 2.) See Mireles v. Waco, 502 U.S. 9 (1991); Forrester v. White, 484 U.S. 219, 225 27 (1988); Stump v. Sparkman, 435 U.S. 349 (1978).

Plaintiff argues that the Court "should have waited for Defendants to raise the issue of State Actors in this matter, as this is not a matter appropriately within the Court's authority." (ECF No. 3 at 3.) She is wrong: "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue sua sponte." Liberty Mut.

---

[1] They are certainly state agents whose actions, taken in their official capacity as judges, are considered those of the state which are barred from suit in federal court under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166 (1985); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 & n.10 (1989). The Court of Appeals has held that "the Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996) (citation omitted).

2

Ins. Co. v. Ward Trucking Co., 48 F.3d 742, 750 (3d Cir. 1995). She also requests that her Amended Complaint be filed, that the undersigned recuse himself and that this case be transferred to a district court in another circuit which does not have a local rule assigning all pro se civil rights cases to the same judges. The Amended Complaint has been filed. The Court need not address her other arguments as the case should be dismissed.

For these reasons, it is recommended that the Amended Complaint be dismissed for lack of subject matter jurisdiction.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within the time specified in the Notice of Electronic Filing. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will waive the right of appeal.

        Respectfully submitted,

        s/Robert C. Mitchell_____
        ROBERT C. MITCHELL
        United States Magistrate Judge

Dated: May 30, 2012

cc:    Jean Coulter
       4000 Presidential Boulevard
       Apartment #507
       Philadelphia, PA 19131